UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Justin Price,<br><br>　　　　Defendant. | **MEMORANDUM IN SUPPORT OF SENTENCING**<br><br>Criminal Case: 1:18-cr-38 |

## I. INTRODUCTION

[1] The defendant, Justin Price (hereinafter "Justin," "Price," "He," or "Mr. Price") was charged with two (2) counts pursuant to an indictment filed on or about March 7, 2018. The first count being Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 18 U.S.C. § 2. The second count being Distribution of Oxycodone in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 18 U.S.C. § 2.

[2] The defendant appeared on or about March 14, 2018 for an entry of a plea of not guilty to the charges contained in the indictment before the Honorable Charles S. Miller, Jr. Mr. Price subsequently appeared before the Honorable Judge Hovland and entered a plea of guilty to the Count One of the indictment on June 13, 2018.

[3] Justin is requesting a period of incarceration for 48 months, with a period of supervised release for three (3) years, with credit for time served, and a subsequent period of supervised release. Justin has been incarcerated since March 14, 2018.

1

## II. FACTUAL BACKGROUND

[4] Justin Price has addiction issues. Mr. Price is a thirty (30) year old man. He is originally from New Town, North Dakota. He has lived there for most of his life. Mr. Price has a minimal criminal history, with the lone applicable USSG calculating offense being a 2013 Federal criminal conviction, for which he plead guilty, to the offense of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances. For that offense, Mr. Price served 20 months and was placed on 3 years of supervised release. Unfortunately, Mr. Prices' drug seeking tendencies got the better of him and he was revoked twice: the first time serving three (3) months in custody, and the second time receiving nine (9) months in custody.

[5] Justin's involvement was primarily to support his own drug habit. While Justin concedes that he was selling pills, his primary involvement was purchasing pills for his own use.

[6] Regarding the underlying offense, Mr. Price concedes that he was involved in distribution of oxycodone. Mr. Price's history is fairly well-documented at this point. Mr. Price did not know his biological father and his mother was tragically killed in an alcohol-related car accident when he was a young man. Mr. Price was thereafter primarily raised by his grandmother.

## III. OFFENSE LEVEL

[7] The count to which Justin pled guilty has a base level of 30. After calculations for acceptance of responsibility, the subsequent offense level is 27. Mr. Price falls into a category II for criminal history. Considering a criminal history category of II and an offense level of 27, the guideline range for Mr. Price is 78 to 97 months.

## IV. **FACTORS FOR CONSIDERATION BY THE COURT**

[8] Title 18, United States Code Section 3553(a) provides that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set out in paragraph (2) of that subsection. Section 18 U.S.C. 3553(a) provides the following requisite seven factors to be considered by the court in determining the particular sentence to be imposed:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed –
    a. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    b. To afford adequate deterrence to criminal conduct;
    c. To protect the public from further crimes of the defendant; and
    d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. The kinds of sentences available;
4. The kinds of sentence and the sentencing range established for –
    a. The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced, or
    b. In the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
5. Any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7. The need to provide restitution to any victims of the offense.

Id. 18 U.S.C. section 3582(a) requires that the court consider the factors set out in 18 U.S.C. 3553(a), recognizing "that imprisonment is not an appropriate means of promoting correction and rehabilitation." Id. An analysis of the applicable factors in this case is set forth below.

1. **The Nature of the Offense and History and Characteristics of the Defendant**

[9] Mr. Price urges this court to recognize that, while he understands and acknowledges the wrongful nature of his conduct, Justin is an addict whose criminal history is related to use and abuse of chemicals. Furthermore, Justin has no history of violent tendencies. As noted throughout the PSR, Justin's history and lifestyle is that of an addict, not that of a hardened criminal with any gang affiliation.

[10] Justin maintains that a period of incarceration which would permit him to participate in the Residential Drug Abuse Treatment Program (RDAP) would be best for him. In order to accomplish this, the court would likely have to sentence Justin to a period of incarceration of greater than thirty-one (31) months, in addition to his time served. Therefore, Justin urges the court to consider a period of incarceration in the amount of forty-eight (48) months. Such sentence would be sufficient to permit Justin to serve a period of incarceration while completing the RDAP program.

[11] Justin's family is supportive of him. Justin anticipates filing a letter of support from his grandmother and several other relatives.

[12] Based on all the foregoing, Justin urges the court to recognize his treatment needs, and sentence him to an appropriate sentence which will permit him to seek out treatment options subsequent to a term of incarceration. Justin submits to this court that

a period of incarceration of four years plus a period of supervised release of three (3) years is appropriate in this matter.

## 2. The Need for the Sentence to Promote Certain Statutory Objectives.

### a. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment.

[13] Regarding the need for punishment, Mr. Price has already been incarcerated for three hundred ninety-six (396) days at the time of sentencing. Justin was briefly released for a short time for treatment, those days are included in the above-calculation. He understands that he must make important changes regarding his drug use, addiction, and affiliations with others associated with drug use and addiction. Justin maintains that society would be better served if he were sentenced to a period of incarceration and subsequent supervised release with a treatment component (RDAP) than a lengthy period of incarceration. Such a sentence would permit Justin to complete treatment, get support from family, find a job, and continue building a life he can be proud of.

### b. The Need to Afford Adequate Deterrence of Criminal Conduct.

[14] Justin submits that a term of incarceration with the RDAP component along with a period of supervised release will serve as a better deterrent to future criminal conduct than will significant incarceration. In this case, based on the PSIR, Justin urges the court to recognize that his behaviors are primarily related to addiction, and a failure to maintain sobriety. Justin maintains that a sentence of incarceration, greater than that which he has already served, is not necessary to deter further criminal conduct. As noted throughout, Justin's criminal activity is primarily related to addiction-seeking tendencies. Therefore, a sentence which addresses those tendencies should be considered by the court. Additionally, supervised release would ensure monitoring of Mr. Price by the Court.

[15] Deterrence, however, is not just meant to discourage Justin's actions in the future. Deterrence may also be a deterrence of others in the future. Therefore, the punishment imposed through the time Mr. Price has already served plus a period of supervised release should be considered severe enough to provide adequate deterrence of further future criminal conduct by Justin.

### c. The Need to Protect the Public From Further Crimes of the Defendant.

[16] For similar reasons set forth above, Justin maintains that first, he is not a danger to the public, and second, that the proposed period of incarceration with supervised release will allow the court to monitor Mr. Price, and protect, if the court deems it necessary, the public. Although Mr. Price does have a minor criminal history, he maintains that the present offense was primarily related to one involving his addictions.

[17] Justin urges the court to recognize that his proposed time of incarceration is such that it would permit him to address his addiction issues. Justin submits to the court that it his addiction, and not Justin, which poses a risk to the public. Justin's issues, generally, are that of an addict. As such, that is the manner by which he poses a risk to the public, as an addict, not as a criminal. Justin must concede, as he has in this and other cases, that to feed his addiction he has sold illegal narcotics. Justin maintains that getting his addiction in order will have the effect of Justin no longer selling narcotics. As such, sentencing Justin to a period of incarceration with the ability to enroll in and complete the RDAP program, will satisfy this element of the inquiry.

### d. Defendant's Need for Vocational Training and Other Correctional Treatment in the Most Effective Manner.

[18] As set forth in the PSIR, Mr. Price should address his addiction issues. As noted above, this will be addressed should the court sentence Mr. Price to the term of

6

incarceration with the RDAP component. Therefore, the facts of this matter, surrounding Mr. Price's life, support a period of incarceration set forth above with the appropriate period of supervised release.

### 3. Types of Sentences Available and   4. Range Established

[19] In this case, Justin is eligible for incarceration with a period supervised release pursuant to the statutory provisions of 21 U.S.C. § 841(b)(1)(C). The court may impose a term of supervised release for a period of five (5) years as well as fines and fees, he does not qualify for probation as stated in his PSIR. Justin requests, as is supported by all items set forth above, incarceration as set forth above as well as a period of supervised release would be best suited for him in order to rehabilitate himself and provide for his family, as well as continuing to be a positive role model in his home community.

### 5. Policy Statements by Sentencing Commission

[20] There are no current policy statements issued by the Sentencing Committee which would affect the sentencing of Mr. Price.

### 6. Avoiding Unwarranted Sentence Disparities

[21] Regarding the other co-defendants, none have been sentenced as of the date of this memo, and therefore such sentences cannot be a consideration for the court at this time.

[22] Based on the foregoing, Justin is requesting a sentence which would permit him RDAP eligibility and a subsequent term of supervised released. Based on information and belief, RDAP does not permit eligibility unless Justin has at least thirty-one (31) months left on his sentence.

### 7. Provision of Restitution to Victims

[23] There is no amount of restitution set forth in the Presentence Investigation Report as to Justin, and he does not dispute such a restitution provision.

## V. CONCLUSION

[24] There is no longer a presumption that the advisory guidelines range is the correct sentence. See United States v. Booker, 543 U.S. 220 (2005). Therefore, Justin, by and through undersigned counsel, is requesting incarceration for a period of 48 months, with a period of supervised release for three (3) years, with any credit for time he served

[25] Should a period of supervision be imposed, Justin believes he will be able to maintain employment and will be able to afford the costs of supervision by a Probation Officer as set forth in the PSIR.

[26] In this case, Justin is requesting a downward departure from the Sentencing Guideline recommendations based primarily on the facts that: (1) the current criminal charge is primarily related to his addiction issues involving controlled substances, and, (2) he has support of family and friends toward addressing his criminal issues. Justin further urges the court to recognize his efforts to take responsibility for his actions in the current matter.

[27] Based on the foregoing, Justin submits that he is an excellent candidate to be placed in incarceration for a period of 48 months, with a period of supervised release for three (3) years, with any credit for time he served.

[28] As Price may be looking at considerable jail time, he requests the opportunity for self-surrender after a period of 3 days. Further, he requests recommendations from the court for the RDAP program, and for placement at the Federal Correctional Institution

at Sandstone or Oxford, or the Federal facility in Duluth. According to Ellis and Bussert (Alan Ellis and Todd A. Bussert, *Residential Drug Abuse Treatment Program (RDAP)*, 30:4 CRIMINAL JUSTICE 30, 30-32 (2016), http://alanellis.com/wp-content/uploads/2016/08/aba-rdap.pdf (last visited Apr. 3, 2019) these three (3) federal institutions have RDAP available at the respective facilities.

Dated this 3rd day of April, 2019.

/s/Thomas M. Jackson
Thomas M. Jackson (ID 05947)
Attorney for Defendant
Jackson, Thomason & Weiler, P.C.
400 E. Broadway Ave. Suite 51
Bismarck, ND 58501
Phone: 701-751-4847
Fax: 701-751-4845
Email: tjacksonjtw@gmail.com

9